UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

ANTHONY C.,[1]

    Plaintiff,

v.

KILOLO KIJAKAZI,

    Defendant.

Case No. 22-cv-02712-RMI

**ORDER RE: CROSS-MOTIONS**

Re: Dkt. Nos. 23, 29

## INTRODUCTION

Plaintiff seeks judicial review of an administrative law judge ("ALJ') decision denying his application for disability employment benefits under Title II of the Social Security Act. *See* Compl. (dkt. 1); *see also* Admin. Rec. ("AR") at 28-72.[2] In January of 2014, Plaintiff filed an application for Title II benefits alleging an onset date of April 24, 2000. AR at 267-70. The claim was denied initially and upon reconsideration. *Id.* at 112, 122. Following an administrative hearing in January of 2016, an ALJ issued an unfavorable decision on March 1, 2016, finding Plaintiff not disabled. *Id.* at 73-103, 126-35. In July of 2017, the Appeals Council granted Plaintiff's request for review and remanded the case to an ALJ. *Id.* at 141-43. The Appeals Council instructed the ALJ to consider various issues, including "the claimant's residual functional capacity," and to "provide appropriate rationale with specific references to evidence of record in support of the

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

[2] The Administrative Record ("AR"), which is independently paginated, has been filed in fourteen (14) different attachments to Docket Entry # 14. *See* (dkts. 14-1 through 14-14).

assessed limitations." *Id.* at 143. A second administrative hearing was held on July 13, 2018, after which the ALJ issued another unfavorable decision on April 8, 2019. *Id.* at 18-28, 38-72. In January of 2020, the Appeals Council denied Plaintiff's request for review. *Id.* at 8-10.[3] Following several extensions by the Appeals Council, Plaintiff sought review in this court (*see* Compl. (dkt. 1)) and the instant case was initiated. Both Parties have consented to the jurisdiction of a magistrate judge (dkts. 8 & 9), Plaintiff has moved for summary judgment (dkt. 23), and Defendant has moved for remand (dkt. 29). Plaintiff requests that this court remand his case for a calculation of benefits. Pl.'s Mot. (dkt. 23). Defendant, acknowledging a narrow error in the ALJ's decision, requests that this court remand the case for further administrative proceedings on that issue alone. Def.'s Mot. (dkt. 29). For the reasons stated below, Plaintiff's request for remand for the calculation of benefits is **DENIED**, Defendant's request for further administrative proceedings on a single issue is **DENIED**, and the case is **REMANDED** for further administrative proceedings as outlined below.

## LEGAL STANDARDS

The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The phrase "substantial evidence" appears throughout administrative law and directs courts in their review of factual findings at the agency level. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154 (quoting *Consol. Edison Co. v. NRLB*, 205 U.S. 197, 229 (1938)); *see also Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v.*

---

[3] In light of the Appeals Council's denial, the ALJ's decision is the "final decision" of the Commissioner of Social Security—which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3).

1  *Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where
2  evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676,
3  679 (9th Cir. 2005).

## SUMMARY OF THE CLAIMS

As noted *supra*, the Parties do not dispute that the ALJ's decision was erroneous. Instead, the dispute centers around the extent of the ALJ's errors, as well as whether the case should be remanded for a calculation of benefits or for further proceedings.

Plaintiff argues that the nondisability decision was erroneous because the ALJ: (1) failed to identify all of Plaintiff's impairments; (2) improperly evaluated the medical evidence; (3) improperly discounted Plaintiff's pain and symptom testimony; (4) assigned a residual functional capacity ("RFC") unsupported by substantial evidence; and, (5) relied on vocational expert ("VE") testimony based on an incomplete hypothetical. Pl.'s Mot. (dkt. 23). Plaintiff further argues that the requirements of the credit-as-true rule are satisfied, and therefore this court should remand the case for a calculation of benefits. *Id.* In the alternative, Plaintiff argues that this court should, on remand, instruct the ALJ to "credit as true Dr. Adam's standing limitation, Dr. Koopmans's opinion, and [Plaintiff's] testimony; and (2) consider the effects of all of [Plaintiff's] impairments." Pl.'s Reply (dkt. 30) at 1, 15.

Defendant concedes that the ALJ's decision was erroneous, but only as to a narrow issue regarding the ALJ's evaluation of the medical opinion of Laurence Adams, D.C. Def.'s Mot. (dkt. 29) at 8-9. Defendant agrees that, in assessing Plaintiff's RFC, the ALJ did not properly consider the limitation opined by Dr. Adams that Plaintiff could not stand for more than one hour at a time. *Id.* In this regard, Defendant requests that the case be remanded for further development of the record with respect to this issue, specifically by way of eliciting additional testimony from a VE as to whether there was other work that Plaintiff could perform, even with the one-hour standing limitation. *Id.* at 9. Defendant submits that the remainder of the ALJ's decision is free of reversible error. *Id.* at 10-27. Even if this were not the case, however, Defendant argues that remand for calculation of benefits is inappropriate given that "the record is not free of outstanding issues or ambiguities . . . ." *Id.* at 26.

## SUMMARY OF THE RELEVANT EVIDENCE

As discussed in detail below, the court finds that the record has not been fully developed and thus further administrative proceedings would serve a useful purpose. Because Plaintiff's claims largely revolve around the evaluation of certain medical evidence, as well as Plaintiff's own pain and symptom testimony, the following is a brief summary of the evidence that is relevant to those claims.

In May of 2000, Plaintiff began seeing Laurence Adams, D.C. AR at 522. Over the course of the next few years, Dr. Adams submitted several progress reports which assessed Plaintiff as being fully or partially disabled, either on a temporary or permanent basis. *See, e.g.*, *id.* at 522-550, 750-839. These reports assessed Plaintiff as having a range of associated work restrictions. The report that is most relevant to the present case is from May 7, 2001, and assesses Plaintiff as having the following work-related restrictions: singular lifts over thirty (30) pounds from floor to shoulder; frequent lifting over twenty (20) pounds from floor to shoulder; lifting requiring twisting of the trunk with greater than fifteen (15) pounds; repetitive bending, stooping, twisting, and turning; repetitive lifting over the shoulder greater than fifteen (15) pounds; sitting more than two (2) hours without a break for stretching; standing more than one (1) hour; and, walking more than two (2) hours without a break. *Id.* at 774.

In December of 2003, John Koopmans, D.C. submitted a "Permanent and Stationary Report" to the State Compensation Insurance Fund. *Id.* at 698. Following a review of his own treatment records, as well as the results of various imaging studies, Dr. Koopmans assessed Plaintiff as disabled. *Id.* at 707. Dr. Koopmans clarified that his disability determination "contemplates a loss of approximately 100% of [Plaintiff's] pre-injury capacity for lifting, and takes in[to] consideration the total lifting effort . . . ." *Id.* Dr. Koopmans also referenced statements made by Plaintiff that he is only able to complete limited household duties with frequent breaks. *Id.* With respect to a treatment plan, Dr. Koopmans recommended a continuance of Plaintiff's then-current combination of physical therapy and deep tissue massage. *Id.*

As to Plaintiff's pain and symptom testimony, at the hearing on July 13, 2018, Plaintiff

testified to the following: that his lack of consistent medical treatment over the last ten (10) years was due to financial inability; that he will experience an "aggravated flareup" once every two months, which will last for several days; sleeping aggravates his various conditions; during a recent flareup he could not move his neck, shoulder, or arm for four days; he occasionally takes Tylenol, which only "helps a little bit"; he alternates between sitting in his chairlift and a regular chair, but spends most of his day in the chairlift; he cannot cook, and usually resorts to eating fast food; he watches a lot of television; he does not do households chores, other than dishes and laundry; he walks on the beach for approximately thirty (30) minutes; he spends time in his yard gardening, which consists of planting and pruning; and, that he no longer uses a cane, after about six (6) years of using one, although the "numbness" and "dull ache" in his left side have never ceased. *Id.* at 38-72.

## THE FIVE-STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY

A person filing a claim for social security disability benefits ("the claimant") must show that he has the "inability to do any substantial gainful activity by reason of any medically determinable impairment" which has lasted or is expected to last for twelve or more months. *See* 20 C.F.R §§ 416.920(a)(4)(ii), 416.909. The ALJ must consider all evidence in the claimant's case record to determine disability (*see id.* at § 416.920(a)(3)) and must use a five-step sequential evaluation process to determine whether the claimant is disabled. *Id.* at § 416.920; *see also id.* at § 404.1520. While the claimant bears the burden of proof at steps one through four (*see Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020)), "the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). Here, the ALJ appropriately set forth the applicable law regarding the required five-step sequential evaluation process. AR at 19-20.

At step one, the ALJ must determine if the claimant is presently engaged in "substantial gainful activity" (20 C.F.R § 404.1520(a)(4)(i)), which is defined as work done for pay or profit and involving significant mental or physical activities. *See Ford*, 950 F.3d at 1148. Here, the ALJ determined that Plaintiff had not performed substantial gainful activity during the relevant period. AR at 21.

At step two, the ALJ decides whether the claimant's impairment (or combination of impairments) is "severe" (*see* 20 C.F.R. § 404.1520(a)(4)(ii)), "meaning that it significantly limits the claimant's 'physical or mental ability to do basic work activities.'" *Ford*, 950 F.3d at 1148 (quoting 20 C.F.R. § 404.1522(a)). If no severe impairment is found, the claimant will not be found to be disabled. 20 C.F.R. § 404.1520(c). Here, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease and right hip osteoarthritis. AR at 21.

At step three, the ALJ is tasked with evaluating whether the claimant has an impairment or combination of impairments that meet or equal an impairment in the "Listing of Impairments." *See* 20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. Pt. 404 Subpt. P, App. 1. The listings describe impairments that are considered sufficiently severe so as to prevent any individual so afflicted from performing any gainful activity. *Id.* at § 404.1525(a). Each impairment is described in terms of "the objective medical and other findings needed to satisfy the criteria in that listing." *Id.* at § 404.1525(c)(3). In order for a claimant to show that his or her impairment matches a listing, it must meet all of the specified medical criteria—an impairment that manifests only some of those criteria, no matter how severely, does not "meet" that listing. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). If an impairment either meets the listed criteria, or if one or more impairments are determined to be medically equivalent to the severity of that set of criteria, that person is conclusively presumed to be disabled without a consideration of age, education, or work experience. *See* 20 C.F.R. § 404.1520(d). Here, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or equals the criteria or the severity of any of the listings. AR at 21-22.

If a claimant does not meet or equal a listing, the ALJ must formulate the claimant's RFC, which is defined as the most that a person can still do despite the limitations associated with their impairment. *See* 20 C.F.R. § 404.1545(a)(1). Here, the ALJ determined that Plaintiff retained the ability to perform work at the light exertional level, with the additional limitations that he was able to "occasionally climb ramps or stairs, stoop, kneel, crouch, and crawl, but never climb ladders, ropes, or scaffolds." AR at 22.

Following the formulation of the RFC, the ALJ must determine—at step four—whether the

claimant is able to perform her past relevant work, which is defined as "work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *See* 20 C.F.R. § 404.1560(b)(1). If the ALJ determines, based on the RFC, that the claimant can perform her past relevant work, the claimant will not be found disabled. *Id.* at § 404.1520(f). Otherwise, at step five, the burden shifts to the agency to prove that the claimant can perform a significant number of jobs that are available in the national economy. *See Ford*, 950 F.3d at 1149. To meet this burden, the ALJ may rely on the Medical-Vocational Guidelines (commonly referred to as "the grids") (20 C.F.R. Pt. 404 Subpt. P, App. 2); or, alternatively, the ALJ may rely on the testimony of a VE. *Ford*, 950 F.3d at 1149 (citation omitted). A VE may offer expert opinion testimony in response to hypothetical questions about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy, or the demands of other jobs that may be available in the national economy. *See* 20 C.F.R. § 404.1560(b)(1). An ALJ may also use other resources for this purpose, such as the Dictionary of Occupational Titles ("DOT"). *Id.*

At step four, the ALJ determined—based on the VE's testimony—that Plaintiff could not perform his past relevant work as a psychiatric technician or military firefighter. AR at 27. At step five, again based on the VE's testimony, the ALJ determined that Plaintiff can perform the requirements of a photocopy machine operator, housekeeping cleaner, or parking lot attendant. *Id.* at 28.[4] Accordingly, the ALJ determined that Plaintiff had not been disabled at any time during the relevant period. *Id.* at 29.

## DISCUSSION

As discussed, the Parties agree that remand is appropriate in the present case on the grounds that the ALJ did not properly consider the limitation opined by Dr. Adams that Plaintiff could not stand for more than one hour at a time. Beyond this narrow agreement, however, the

---

[4] At the prior administrative hearing on January 15, 2016, the VE also testified that that Plaintiff could perform the requirements of a housekeeping cleaner, cashier II, or fast-food worker. AR at 73-103.

7

1 Parties appear to dispute the virtual remainder of the ALJ's decision, as well as the appropriate
2 method of remand. Given the nature of the record, which his both undeveloped and seemingly
3 conflicting, the court finds that remand for further administrative proceedings is the appropriate
4 disposition of the present case.

5 It is well-established that "[i]f additional proceedings can remedy defects in the original
6 administrative proceeding, a social security case should be remanded [for further proceedings]."
7 *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). It is equally well-established that courts
8 are empowered to affirm, modify, or reverse a decision by the Commissioner "with or without
9 remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see also Garrison v. Colvin*, 759 F.3d
10 995, 1019 (9th Cir. 2014). Generally, remand with instructions to award benefits has been
11 considered when it is clear from the record that a claimant is entitled to benefits. *Id*.
12 The credit-as-true doctrine was announced in *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d
13 1396 (9th Cir. 1988) ("*Varney II*"), where it was held that when:

> [T]here are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony . . . [instead] we will . . . take that testimony to be established as true.

18 *Id*. at 1401. The doctrine promotes fairness and efficiency, given that remand for further
19 proceedings can unduly delay income for those unable to work but entitled to benefits. *Id*. at 1398.
20 The credit-as-true rule has been held to also apply to medical opinion evidence, in addition
21 to claimant testimony. *Hammock v. Bowen*, 879 F.2d 498, 503 (9th Cir. 1989). The standard for
22 applying the rule to either is embodied in a three-part test, each part of which must be satisfied for
23 a court to remand to an ALJ with instructions to calculate and award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

28 *Garrison*, 759 F.3d at 1020.

It should also be noted that "the required analysis centers on what the record evidence shows about the existence or non-existence of a disability." *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). Thus, even though all conditions of the credit-as-true rule might be satisfied, remand for further proceedings would still be appropriate if an evaluation of the record as a whole creates a "serious doubt" that a claimant is, in fact, disabled. *Garrison*, 759 F.3d at 1021. On the other hand, it would be an abuse of discretion for a district court to remand a case for further proceedings where the credit-as-true rule is satisfied and the record affords no reason to believe that the claimant is not, in fact, disabled. *See id*.

As to the first requirement of the credit-as-true test, the court finds that the record has not been fully developed and that further administrative proceedings would serve a useful purpose. While the Parties suggest a variety of possible options for remand, the court finds that remanding the case for a full administrative hearing as to all issues will best address the present inadequacies. This administrative hearing, as well as any ensuing ALJ decision, must also comply with the instructions set forth below.

As to Plaintiff's claim that the ALJ failed to identify all of his medically determinable impairments, the record (and the ALJ's decision) is not entirely clear in this respect. Plaintiff claims that the record supported severe findings as to various other impairments, which in turn led to a failure by the ALJ to consider how the combination of Plaintiff's impairments affected his ability to work. Defendant, on the other hand, argues that these other conditions did not result in limitations that were "separate and distinct from those resulting from his degenerative disc disease." Def.'s Mot. (dkt. 29) at 17. To the court, this disagreement appears attributable to an undeveloped record with respect to Plaintiff's conditions and their associated symptoms. Plaintiff's conditions, including those that were found to be severe, primarily relate to the back and lower body. Without further development of the record, therefore, it is difficult (if not impossible) to determine which symptoms might be attributable to which condition. On remand, therefore, the ALJ is ordered to specifically inquire into how each of Plaintiff's alleged conditions might *distinctly* manifest themselves—if at all. This should include sending questionnaires to the medical providers of record to further clarify their opinions or, in the alternative, engaging a

medical expert who can review the evidence and form an opinion. The ALJ must also elicit testimony from Plaintiff in this respect.

As to the medical evidence, and the evaluation thereof, the court finds that various inconsistencies exist and therefore further development of the record would be beneficial. With respect to Dr. Adams, for example, there is some uncertainty as to the potentially temporary nature of his opined limitations. *See* AR at 25 (noting that many of Dr. Adams's opinions covered periods of only two to four weeks). Perhaps most significantly, the one-hour standing limitation at issue in this case does not appear in all of Dr. Adams's opinions. Def.'s Mot. (dkt. 29) at 26. As such, the record would benefit from further clarification with respect to the opinions of Dr. Adams, both as to their potentially temporal nature as well as their relevant limitations.

As to Dr. Koopmans, there is also some uncertainty with respect to the potential scope of his opinion. Defendant argues that Dr. Koopmans assessed Plaintiff as disabled "based on the narrow consideration of whether Plaintiff had the same lifting capacity before and after his injury." *Id.* at 13. The record does suggest that Dr. Koopmans's disability determination was based, perhaps entirely, on Plaintiff's "pre-injury capacity for lifting." AR at 1258. Plaintiff appears to acknowledge that the ALJ properly rejected this portion of Dr. Koopmans's opinion, but instead argues that the ALJ failed to consider the *remainder* of Dr. Koopmans's opinion. Pl.'s Reply (dkt. 30) at 7-8. Given Dr. Koopmans's significant reliance on Plaintiff's diminished lifting capacity, however, it is not entirely clear to the undersigned what other aspects of his opinion warranted consideration. Although Plaintiff suggests that Dr. Koopmans opined as to Plaintiff's need for frequent breaks, it is unclear whether this was simply a summary of Plaintiff's subjective complaints or an actual assessed limitation. *See Sager v. Colvin*, 622 Fed. Appx. 629, 629 (9th Cir. 2015) ("Nor was the ALJ required to credit [the claimant's] subjective complaints merely because they were recorded in his physicians' records."); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 n.3 (9th Cir. 2004) (treatment notes containing limitations based on a claimant's subjective descriptions are not "objective evidence of limitations asserted in [the medical source's] report . . . ."). As such, further clarification in this respect is necessary.

The Parties also disagree with respect to the ALJ's reliance on records indicating possible

improvement by Plaintiff, as well as the relatively conservative (and limited) nature of Plaintiff's treatment. As to these issues, it is clear that further record development is necessary. For example, the recommended treatments for Plaintiff appear to have been somewhat conversative, largely consisting of physical therapy and hydrotherapy. There is also an issue with respect to Plaintiff's ability to pay for various treatment options. Plaintiff correctly contends that his inability to pay is not an appropriate consideration in assessing the extent of treatment that he has undergone. Nonetheless, it is unclear to the undersigned whether these relatively conservative treatments were recommended to Plaintiff *because* of his potential inability to pay for more significant treatments, or because Dr. Koopmans (and others) believed that these conservative treatments were all that were required for Plaintiff's conditions. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). This question, as well as the extent of Plaintiff's alleged improvement with these treatments, must be explored on remand.

As discussed *supra*, the ALJ must send questionnaires to all of the medical providers of record to further clarify their opinions or, in the alternative, engage a medical expert who can review the evidence and form an opinion. Remanding this case for further proceedings will allow the ALJ to adequately address the above-mentioned discrepancies, and thus these questionnaires and/or testimony must seek to address the inconsistencies noted above—as well as develop the record more generally.

With respect to Plaintiff's pain and symptom testimony, the record would also benefit from further development, given its potentially conflicting nature. For example, Plaintiff testified extensively about the debilitating effects of his symptoms, yet takes thirty-minute walks on the beach, gardens (which includes "get[ting] on my knees with a spade and slowly dig[ging] a hole"), and has purchased a "fixer-upper" home. AR at 57, 323-24. Without deciding whether these activities are necessarily inconsistent with disability, the undersigned finds that further inquiry into these activities is necessary in order to determine their potential translation to the work environment. On remand, the ALJ must elicit testimony from Plaintiff in this respect—particularly if he will be unrepresented. *Mikki v. Berryhill*, No. 17CV1103-GPC(MDD), 2018 WL 4026388, at *3 (S.D. Cal. Aug. 23, 2018) (quoting *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978))

(discussing the ALJ's duty, with respect to unrepresented claimants, to "'scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts' and be 'especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited'").

Accordingly, because the record is unclear as to the extent of Plaintiff's limitations, as well as being unclear as to whether Plaintiff is in fact disabled, the court will not apply the credit-as-true rule. Instead, the matter is remanded to the Commissioner for further proceedings.

## CONCLUSION

For the reasons stated above, the court **DENIES** Plaintiff's Motion, **DENIES** Defendant's Motion, and **REMANDS** this matter for further proceedings consistent with this Order. The ALJ is furthered **ORDERED** to send questionnaire(s) to the above-mentioned medical sources to further clarify their opinions and/or to engage an additional medical expert who can review the evidence and form an opinion. The ALJ must also endeavor to elicit further testimony from Plaintiff as discussed above.

**IT IS SO ORDERED.**

Dated: August 8, 2023

ROBERT M. ILLMAN
United States Magistrate Judge

12